| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

MICHAEL H. MATTHEWS, #26799-177     §
                                    §
*versus*                            §   CIVIL ACTION NO. 4:16-CV-422
                                    §   CRIMINAL ACTION NO. 4:13-CR-208(1)
UNITED STATES OF AMERICA            §

## MEMORANDUM OPINION AND ORDER

In a motion to alter or amend judgment (#43), *pro se* Movant Michael Harrison Matthews asks the Court to reconsider its Final Judgment dismissing his Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255.

### I. MOTION FOR RECONSIDERATION

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet*, 367 F.3d at 478. The rule for reconsideration of a final

judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

## II. DISCUSSION

The record shows that the United States Magistrate Judge issued a Report and Recommendation in which she recommended that Movant's § 2255 motion be denied and dismissed with prejudice because it was time-barred (#34). Movant was granted an extension of time in which to file objections to the Report and Recommendation (#37). Having received no objections within seven days after Movant's objections were due, this Court adopted the Report and Recommendation, denied Movant's § 2255 motion, and dismissed the case (#38). Two days later, the Clerk of Court received Movant's objections (#40).

In the current motion for reconsideration, Movant complains that the Court sent mail to him at the wrong address, which resulted in him filing objections untimely. A review of the case shows that Movant listed his address as USP Pollock, P. O. Box 2099, Pollock, LA 71467-2099. He never filed a change of address. Until notified in writing by a prisoner of a change of address, the Clerk of Court sends mail to the last address provided by the prisoner. Had Movant filed a change of address with the Court, his address would have been changed, and his mail would have been sent to the correct address. In the interest of justice, however, the Court has considered Movant's untimely objections (#40). In his objections, Movant fails to show that he timely filed his § 2255 motion or that he is entitled to equitable tolling.

In sum, Movant fails to show an intervening change in controlling law, the availability of new evidence not previously available, the need to correct a clear error of law or fact, or the need to prevent a manifest injustice based on the dismissal of his case. *Schiller,* 342 F.3d at 567. He fails to show he is entitled to relief.

### III.  CONCLUSION

It is therefore **ORDERED** that Movant's objections (#40) are **OVERRULED**. It is further **ORDERED** that Movant's Motion to Alter or Amend Judgment (#43) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 15th day of April, 2021.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE